An unemancipated minor appeals from the denial of a waiver of parental consent for an abortion.
The minor petitioned the trial court pursuant to § 26-21-4, Ala. Code 1975, seeking a waiver of parental consent to obtain an abortion. Following an ore tenus proceeding, the court denied the minor's petition, finding that she was not mature and well informed enough and that the performance of the abortion was not in the minor's best interest. The minor appeals.
The petition for a waiver of parental consent may be denied only if the trial court specifically finds: (1) that the minor is immature and not well informed enough to make the abortion decision on her own; and (2) that performance of the abortion would not be in her best interests. Ex parte Anonymous,595 So.2d 497 (Ala. 1992). Further, our supreme court has held that a minor's decision to use the judicial process and to seek advice from legal counsel may, in itself, indicate maturity. Id., at 499; In the Matter of Anonymous, 684 So.2d 1337 (Ala.Civ.App. 1996). Additionally, our supreme court has held that
 "[A] waiver of consent is in no way contingent on [the minor's] proving that her parents would disapprove or abuse her should they be consulted regarding her decision to obtain an abortion. In fact, the reaction of the minor's parents is of little consequence as long as she can demonstrate to the court that she is mature and well enough informed to make the decision on her own or that an abortion is in her best interest."
Ex parte Anonymous, 618 So.2d 722, 724-25 (Ala. 1993).
At the time of the hearing, the minor was almost 18 years old and was approximately four weeks pregnant. The minor will be a senior in high school next term, makes B's and C's, and has been involved in extracurricular activities. She intends, upon graduating from high school, to attend college to study nursing. The minor testified that she had been employed in part-time jobs since she was in the eighth grade. She stated that each successive job involved an increased salary and greater responsibilities.
The minor testified that she had for approximately six months, with the consent of her mother, been dating the man she says is the father, who is significantly older than the minor. She stated that she has discussed with him the pregnancy and the alternatives and that he supports her decision to have an *Page 65 
abortion. She testified that he is willing to pay for the procedure and that he has not coerced her in any way. The minor testified that she does not wish to marry him or to live with him.
The minor testified that although she and her mother have a close relationship, she chose not to discuss with her the issue of her pregnancy and her decision to have an abortion because it would "upset and hurt her mother deeply." She said her father would be "shocked and angry." Her parents are divorced and her mother has sole custody of her. The minor lives with her mother, her stepfather, an older sister, and a 2 1/2-year-old niece. She stated that her sister had become pregnant out of wedlock when she was 16 years old and that her mother became very emotional over it. She testified that during her sister's pregnancy she learned that her mother was opposed to abortion. The minor stated that she could not discuss her pregnancy with her sister because her sister would tell her mother. The minor testified that she is mature enough to make the decision to have an abortion without her mother's knowledge or involvement.
Upon learning of her pregnancy, the minor contacted two clinics in Alabama and one clinic in Georgia to discuss procedures and alternatives with the staff members. The minor also discussed her situation in detail with her attorney and his paralegal. She said she chose a certain clinic over the others because she thought the staff was more professional. The minor testified in detail as to each procedure and recovery plan that the clinic offered and the specific plan that she had chosen. Further, the minor had researched on her own at the local library the abortion procedure and other issues related to abortion, using a book entitled Abortion 1998. Based on her conversations with staff members and on her research, she described in detail to the court the procedure to be performed on her. She also testified to possible complications connected with the procedure and the symptoms to look for that would indicate the complications.
The minor testified about her after-care plans following the procedure. She stated that the man she named as the father would accompany her to the clinic for an abortion and would be with her afterward. She testified that if she had any complications she would not hesitate to have him or her mother take her to a hospital emergency room. The minor also testified that she is aware that she may have to deal with some emotional problems related to the abortion. She stated that she is prepared to consult with her school counselor or with the psychologist who had helped her resolve the problems she experienced associated with her parents' divorce.
The minor believes that having an abortion is in her best interests. She testified that she is not ready to be a parent and that she wants to finish high school and college.
After carefully reviewing the record, we conclude that the trial court misapplied the law to the facts of the case. The evidence overwhelmingly supports the issuance of the waiver of parental consent. The judgment is reversed and the case is remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver, not later than 4:00 p.m., July 8, 1998. If the trial court does not enter a judgment granting the waiver by that time, then effective 4:01 p.m. on that date a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
All the judges concur.