921 So.2d 753 (2006)
In re Jane DOE, a minor.
No. 1D05-6144.
District Court of Appeal of Florida, First District.
February 22, 2006.
John B. Carr, Pensacola, for appellant.
*754 PER CURIAM.
Appellant, a minor we will refer to by the pseudonym Jane Doe, appeals an order denying her petition for judicial waiver of parental notification of pregnancy. We previously reversed that order by unpublished order, and now write to explain the basis for our decision.
The Parental Notice of Abortion Act became effective on June 30, 2005, and is codified at section 390.01114, Florida Statutes.[1] The law generally calls for notification of the parents of a minor who seeks termination of her pregnancy by the physician. It also allows for a waiver of parental notice by petitioning the circuit court for such relief. Paragraphs (4)(c) and (d) of the statute establish three grounds for granting a waiver and one, involving child abuse or sexual abuse of the minor by a parent, is inapplicable in this case. Instead, appellant sought a waiver based on section 390.01114(4)(c), which provides in relevant part as follows:
If the court finds, by clear and convincing evidence, that the minor is sufficiently mature to decide whether to terminate her pregnancy, the court shall issue an order authorizing the minor to consent to the performance or inducement of a termination of pregnancy without the notification of a parent or guardian.
With respect to this ground, Doe alleged in her sworn petition that both she and the father planned to attend college, and that they had no reservations with their decision. She added that she had considered the emotional consequences and has a strong support system with friends, teachers, and a counselor to assist her if necessary.
Appellant also relied on paragraph (4)(d) of the statute, which provides in relevant part:
If the court finds, by a preponderance of the evidence, ... that the notification of a parent or guardian is not in the best interests of the petitioner, the court shall issue an order authorizing the minor to consent to the performance or inducement of a termination of pregnancy without the notification of a parent or guardian.
With respect to this ground, Doe alleged that her parents often blame one another when she encounters problems, and she feared that knowledge of her decision to terminate her pregnancy could jeopardize their marriage.
At the hearing on her petition, Doe testified that she is in the 11th grade and receives good grades. She is scheduled to graduate from high school next year, works part-time, intends to attend college, and plans to be a teacher or guidance counselor. She stated that she has been considering the prospect of terminating her pregnancy for about two weeks, and had consulted with her best friend, her friend's family, and her boyfriend. She is "really close" to her best friend's mother and had discussed the matter with her. Doe indicated that they had talked about it and "I believe that the emotional distress would be better if I took responsibility and had it all for myself rather than everyone else, like my family having to deal with it rather than just me because it's my decision." She stated that her friend's mother had called the clinic to learn the details of the procedure and then had conveyed that information to her, and that she had also researched the potential risk factors of the *755 procedure on the internet. She indicated that no one else had influenced her decision, although she had sought the opinions of others. She reiterated, "but it's solely it's pretty much my decision. I've made it like 99 percent on my own."
With respect to notifying her parents, Doe stated that she was not sure how her parents would react and whether they would remove her from school. She added that whenever her parents had small problems with her like missing a curfew, they would fight amongst themselves about it. Doe thus expressed her fear that it might break up her parents' marriage and cause "a big problem along with my problem too." She went on to testify that her boyfriend had not put any pressure on her to terminate her pregnancy, but he knows that it is best to do so. She added that "he knows that we are not ready for this and we made an immature decision. We didn't think of all of the consequences that would come with it. And we're just trying to start over, you know." Asked if she believed herself to be capable of making this decision, Doe replied that she was. She stated that if she was upset about it, she has a teacher and guidance counselor at her school that she could talk to, and that her best friend's family was also available to help her, but that she believed herself to be mature enough to take responsibility for her decision.
In its written order denying appellant's petition, the trial court cited to various factors in support of its conclusion that she had failed to demonstrate that she was sufficiently mature to decide whether to terminate her pregnancy. First, it noted that Doe had turned 17 less than one month prior to the hearing. Secondly, she had not personally discussed the potential ramifications of the procedure with medical professionals. Third, Doe's testimony that she has a support system in place in the event she has problems dealing with the procedure suggested to the court that she has no understanding of the risks involved and is incapable of determining them on her own. Next, the court listed various factors that it concluded were indicative of an immature thought process on the part of appellant, including her testimony that the decision was 99% her own, that her reasons for wanting the procedure mainly involved the likelihood of conflict between her parents,[2] and her admission that neither she nor her boyfriend had adequately considered the potential consequence of the behavior that resulted in her pregnancy. The court thus concluded that in view of appellant's demeanor and presentation in court, as well as her testimony, it did not feel that she possessed sufficient maturity to decide whether to terminate her pregnancy without parental consent.
We are well aware of the presumption of correctness that attaches to a trial court's order, and the deference owed to those determinations of a finder of fact that are supported by competent, substantial evidence. However, as the court observed in In re Doe, these principles are less compelling when the evidence is undisputed and is presented to a judge sitting without a jury, and an appellate court is not required to disregard record evidence that disproves the lower court's findings or reveals its ruling to be an abuse of discretion. Doe, 30 Fla. L. Weekly at D2577, ___ So.2d at ___.
With these considerations in mind, we conclude that the reasons cited by the trial court do not support the conclusion that *756 appellant is not sufficiently mature to decide whether to terminate her pregnancy. Appellant's age, which places her less than one year from being outside the scope of the parental notification law is, if anything, a factor that weighs positively in support of her position. The undisputed testimony established that appellant is a good student, is employed part-time, and has formulated a plan for her future. That she had not yet at the time of the hearing personally discussed the ramifications of a termination of pregnancy with medical professionals does not distinguish her from many other similarly situated women, both minors and adults, and any suggestion by the trial court that she is unable to determine or understand the potential risks and ramifications is without support in the record. Likewise, the fact that she had consulted with others in whom she places trust and has given some consideration to their views is not indicative of an immature thought process, nor is the fact of her concern for the stability of her family. Although Doe admitted that her pregnancy was the result of an immature decision, her willing acknowledgment of that fact supports her stated belief that she presently possesses sufficient maturity to decide whether to terminate her pregnancy. Finally, although the trial court also based its finding that Doe lacked sufficient maturity on its observation of her demeanor and presentation at the hearing, it failed to describe any articulable facts supporting the conclusion that Doe's demeanor was indicative of immaturity.
Moreover, the trial court's order reflects on its face a deviation from the statutorily-mandated inquiry into whether appellant is "sufficiently mature to decide whether to terminate her pregnancy." In denying relief, the trial court stated that it "does not feel that [appellant] possesses sufficient maturity to decide whether to terminate this pregnancy without parental consent." (emphasis added). However, whether appellant should be required to secure the consent of her parents or anyone else before terminating her pregnancy is simply not an issue, and should not have factored in any way into the trial court's decision. See In re T.W., 551 So.2d 1186 (Fla.1989) (invalidating parental consent to abortion statute and holding that women, including minors, are entitled under Florida's constitutional right to privacy to determine themselves, and as a private matter, whether to terminate a pregnancy).
Finally, the trial court erred in failing to address Doe's alternative claim that she was entitled to a judicial waiver pursuant to section 390.01114(4)(d) because the notification of her parents is not in her best interests. Doe's unrefuted testimony established that she feared that notifying her parents would result in conflict between them and might lead to the dissolution of their marriage. While the trial court omitted any findings of fact concerning the "best interests" claim and we are not in a position to supply those findings, appellant's concern for her parents and the consequent impact on her family would appear to constitute a sufficient basis for concluding that a judicial waiver of notification would be in her best interests, and her testimony established that her fears in this regard are not without some basis in experience.
We are not unmindful of the extraordinarily difficult circumstances faced by trial judges in matters such as this, and our decision is not intended as criticism of the trial judge in this case. Unless requested otherwise by the minor, the trial court is required by section 390.01114(4)(b) to rule and issue written findings of fact and conclusions of law within 48 hours after filing of the petition, and the statutory procedure does not contemplate the ordinary adversarial process as a means of reaching the factual determinations required by the *757 law. Nonetheless, where a waiver petition is denied, it is imperative that the trial court's order address all of the grounds for relief pled by the petitioner, that it confine itself to the appropriate factors set forth in the statute, and that it articulate specific findings of fact that reasonably and rationally support the conclusion reached. We are compelled to conclude that the trial court's order in this case does not satisfy these requirements.
BARFIELD and DAVIS, JJ., concur; HAWKES, J., dissents with written opinion.
HAWKES, J., dissenting.
The majority acknowledges a trial court's findings of fact that are supported by competent, substantial evidence are due great deference. However, most of the majority opinion outweighs the facts found by the trial court to reach a different conclusion. Because appellate courts are not permitted to reweigh the trial court's factual findings, I would affirm.
NOTES
[1] Case law interpreting the statute is predictably minimal at this point, but we do commend the thoughtful analyses set forth in both the majority and dissenting opinions in In re Doe, 30 Fla. L. Weekly D2575, ___ So.2d ___, 2005 WL 3007102 (Fla. 2d DCA Nov. 10, 2005), in which the Second District addressed a case similar in many respects to this one.
[2] As we interpret her testimony, Doe's decision to terminate her pregnancy was not primarily driven by her concern for her parents. Instead, that was the basis for her belief that a waiver of the notification requirement was in her best interests.