932 So.2d 499 (2006)
In re JANE DOE 06-A, a minor, Appellant.
No. 1D06-2957.
District Court of Appeal of Florida, First District.
June 15, 2006.
Natalie Maxwell and Shelbi D. Day of Southern Legal Counsel, Inc., Gainesville; Kristen Lentz and Cassandra Capobianco, Gainesville; Rebecca Harrison Steele of ACLU Foundation of Florida, Inc., Tampa, for Appellant.
PER CURIAM.
Appellant, a minor we will refer to by the pseudonym "Jane Doe 06-A," appeals an order dismissing her petition for judicial waiver of parental notification of termination of pregnancy pursuant to section 390.01114, Florida Statutes (2006). We conclude that the trial court committed clear error when it determined that Doe failed to meet her burden under section 390.01114(4)(c) of demonstrating by clear and convincing evidence that she is sufficiently mature to decide whether to terminate her pregnancy.[1]See In re Doe, 921 *500 So.2d 753 (Fla. 1st DCA 2006); In re Doe, 932 So.2d 278, 2005 WL 3007102 (Fla. 2d DCA Nov.10, 2005).
The undisputed evidence concerning Doe's age, her academic performance, her articulated plans for the future, her work experience, her knowledge of the demands of caring for a child, her efforts to educate herself concerning the risks of abortion and the alternatives available to her, and her actions in seeking out the counsel and support of a trusted adult, dictate that she is sufficiently mature to decide whether to terminate her pregnancy. Appellant was not required to prove she has the maturity of an adult, and instead need only show that she has the necessary emotional development, intellect and understanding to make an informed decision regarding the termination of her pregnancy. See In re Doe, 924 So.2d 935 (Fla. 1st DCA 2006).
Accordingly, we REVERSE the order dismissing appellant's petition for judicial waiver of parental notification of termination of pregnancy. This cause is REMANDED with directions to forthwith enter an order granting the petition and directing the clerk of the circuit court to place a certificate to that effect in the file and provide appellant a certified copy of that certificate. No motion for rehearing will be entertained, and the clerk is directed to issue mandate immediately.
BARFIELD, WOLF, and LEWIS, JJ., concur.
NOTES
[1] In light of this determination, it is unnecessary for us to address appellant's contention that the trial court also erred in concluding that she had failed to demonstrate an entitlement to a waiver under the "best interest" standard of section 390.01114(4)(d).