967 So.2d 1017 (2007)
In re Jane DOE, Appellant.
No. 4D07-4232.
District Court of Appeal of Florida, Fourth District.
November 1, 2007.
*1018 Melissa Duncan and Jill A. Mahler of the Legal Aid Society of Palm Beach County, Inc., West Palm Beach, for appellant.
PER CURIAM.
Jane Doe appeals an order dismissing her petition for judicial waiver of parental notification of her decision to terminate her pregnancy, pursuant to section 390.01114(4), Florida Statutes (2006). Because the reasons cited by the trial court do not support the conclusion that the petitioner was not sufficiently mature to decide whether to terminate her pregnancy, and the petitioner's undisputed evidence established sufficient maturity under the appropriate statutory criteria, we conclude that the trial court abused its discretion in dismissing the petition.
Under section 390.01114(4)(c), a trial court should grant a minor's petition to waive parental notification if clear and convincing evidence shows that "the minor is sufficiently mature to decide whether to terminate her pregnancy." The statute requires the court to "hear evidence relating to the emotional development, maturity, intellect, and understanding of the minor, and all other relevant evidence." § 390.01114(e), Fla. Stat. (2006). After hearing the evidence, the court must issue written and specific factual findings and legal conclusions supporting its decision.
The petitioner need not show that she has the maturity of an adult to satisfy the statute. In re Jane Doe 06-A, 932 So.2d 499, 500 (Fla. 1st DCA 2006); In re Doe, 924 So.2d 935, 939 (Fla. 1st DCA 2006); In re Doe, 932 So.2d 278, 284 (Fla. 2d DCA 2005). Instead, she need only show that she has the necessary emotional development, intellect and understanding to make an informed decision regarding the termination of her pregnancy. Jane Doe 06-A, 932 So.2d at 500.
*1019 Included among the factors courts have considered in assessing whether a minor has sufficient maturity to make the decision are her physical age, demeanor, academic performance, work experience, future educational and life plans, inclination to seek counsel and emotional support from a trusted adult, appreciation of the medical and emotional risks of abortion, awareness of her options other than abortion, and knowledge of the demands of caring for a child. Jane Doe 06-A, 932 So.2d at 499; Doe, 924 So.2d at 939; Doe, 932 So.2d at 284.
At the hearing on the petition filed in this case, Doe testified that she is 17 years old, enrolled in school and making A's, and employed at a full-time job. She is four months pregnant by her fiancé. She lives with her parents but fears divulging her decision to them because of their religious views and church standing. She has a very close relationship with her fiancé's parents and has discussed her pregnancy with them. They suggested the abortion. Because of her moral qualms regarding abortion, she would not have sought an abortion if they had not made the suggestion. However, after thinking more about her situation, she realized that it would be difficult to go to school and take care of a baby. She also realized that she cannot raise a baby by herself and that she lacks sufficient financial means to support a baby.
In dismissing Doe's petition for waiver of parental notification, the trial court stated the following in its written order:
Petitioner is 4 months pregnant. She has not spoken to any medical experts. She has not taken it upon herself to educate herself about the medical risks. She fears disdain from her parents. The evidence was crystal clear that the only reason the petitioner filed this case is because the parents of the man with whom she conceived the child told her to do so. The testimony demonstrates that the petitioner is not of sufficient maturity to make this decision; and if she were to make decision without influence from boyfriend's parents, she would not have filed the petition.
Although a minor's consultation with experts concerning the risks and ramifications of an abortion is a positive indication of maturity, it is only one factor among many in the statutorily-mandated analysis. Jane Doe 06-A, 932 So.2d at 500; Doe, 924 So.2d at 939. With respect to that single factor, the first district made the following comments concerning a young woman who petitioned for judicial waiver:
That she had not yet at the time of the hearing personally discussed the ramifications of a termination of pregnancy with medical professionals does not distinguish her from many other similarly situated women, both minors and adults, and any suggestion by the trial court that she is unable to determine or understand the potential risks and ramifications is without support in the record.
In re Doe, 921 So.2d 753, 756 (Fla. 1st DCA 2006).
Further, the fact that Doe's decision to seek an abortion was strongly influenced by her fiancé's parents is not indicative of immaturity. To the contrary, other courts have considered it a positive factor that the young woman sought out counsel and support from a trusted adult. Jane Doe 06-A, 932 So.2d at 499; Doe, 924 So.2d at 939. In one case, the first district stated that "the fact that she had consulted with others in whom she places trust and has given some consideration to their views is not indicative of an immature thought process. . . ." Doe, 921 So.2d at 756. Here, the petitioner testified that, although she had not considered abortion before speaking to her fiancé's parents, upon further *1020 reflection she realized how difficult it would be to raise a child while going to school. She also understood how financially strapped she would be during that time. This demonstrates the petitioner's awareness of the realities of her situation and shows maturity and understanding of long-term responsibilities.
The record of the hearing below contains ample unrefuted testimony of the statutory factors supporting a finding of sufficient maturity in this case. Virtually every other factor identified by Florida case law for waiver of parental notification is present here. See generally Jane Doe 06-A, 932 So.2d at 500; Doe, 924 So.2d at 939; Doe, 921 So.2d at 756; Doe, 932 So.2d at 284. Doe is 17, less than a year shy of being outside the statutory requirement for parental notification. She is in school and making good grades. She has a full-time job. She is in a committed relationship with a man she intends to marry. She appreciates the moral and religious dilemma presented by her decision. Finally, she expressed concern for the impact on her family should her pregnancy become known. These factors, which were not addressed in the trial court's order, all tend to show a level of maturity contemplated by the statute authorizing waiver of parental notification. The two factors cited by the trial court in its written order denying Doe's petition do not reasonably support the conclusion that Doe was not sufficiently mature to decide whether to terminate her pregnancy. See Doe, 921 So.2d at 757 (stating that where a waiver petition is denied, the trial court's order must confine itself to the appropriate factors set forth in the statute and articulate specific findings of fact that reasonably and rationally support the conclusion reached).
The trial court thus abused its discretion in dismissing the petition. See Doe, 921 So.2d at 755 (commenting on the presumption of correctness that attaches to a trial court's order and the deference accorded a trial court's determinations that are supported by competent substantial evidence, but noting that "these principles are less compelling when the evidence is undisputed and is presented to a judge sitting without a jury, and an appellate court is not required to disregard record evidence that disproves the lower court's findings or reveals its ruling to be an abuse of discretion").
For the above-stated reasons, we reverse the trial court's order and remand to the trial court with directions to grant the petition for waiver of parental notice of termination of pregnancy.
Reversed and remanded.
KLEIN, STEVENSON and TAYLOR, JJ., concur.