FARMER, J.
 

 This is an appeal by a minor from a final order dismissing her petition to waive the parental notice requirement for a termination of pregnancy. We reverse.
 

 The petition’s basis for seeking a waiver of parental notice was two-fold. First, she stated that was not ready to herself to become a parent because of the expenses and the experience. Second she described significant health issues in her family that would be exacerbated by parental notification, a stress she could not bear to bring about. The final order states in its dispos-itive holding:
 

 “The court finds that 4(a) and 4(c) [sic-(d)?] reasons given for the waiver of Parental notice are not shown by clear and convincing evidence and the Petition is Dismissed. No other grounds were presented. F.S. 390.01114(4)(c).”
 

 The Court’s rationale is not sufficient to deny the petition.
 

 We note that the statute in question requires the trial judge to “issue written and
 
 specific factual findings
 
 and legal conclusions supporting its decision .... ” [e.s.] § 390.01114(4)(e), Fla. Stat. (2010). As Judge Northcutt cogently explained:
 

 “Requiring trial courts to set forth findings to support their rulings serves important purposes. In cases such as this, involving the application of a statute that so directly touches on an individual’s constitutional right, requiring written findings helps to ensure that the decision has been reached strictly according to constitutionally permissible criteria.”
 

 In re Doe,
 
 932 So.2d 278, 282 (Fla. 2d DCA 2005). As in that decision, the trial judge’s
 
 *1174
 
 stated findings in this case lack the specificity required by this statute and are merely conclusory:
 

 “the findings included in the order are insufficient to serve this critical purpose. Manifestly, nothing in the order’s few recited facts supports a conclusion that Doe is not sufficiently mature to decide whether to terminate her pregnancy or that she failed to prove that notifying her parents of her decision would not be in her best interest.”
 

 932 So.2d at 282.
 

 Petitioner’s first ground is that she has the emotional maturity to make the decision. According to the statement of evidence, petitioner has had significant academic success and is a leader in her school. Having a baby would adversely affect her plans for college, and she lacks the financial resources to have or care for a baby. The order omits any statement that the trial judge did not believe her testimony. We therefore conclude that the record fails to support the trial court’s denial on the ground of emotional maturity.
 
 See In re Doe,
 
 932 So.2d at 284-85.
 

 Her second ground — that notification is not in her best interests — is
 
 not
 
 governed by the clear and convincing evidentiary standard and is instead explicitly made by statute to fall under the ordinary greater weight of the evidence used generally in civil proceedings.
 
 See
 
 § 390.01114(4)(d) (“If the court finds,
 
 by a preponderance of the evidence,
 
 that ... the notification of a parent or guardian is not in the best interest of the petitioner” [e.s.j). Here again, the testimony of petitioner in her sworn petition and at the hearing state clear reasons why it is not in her best interest to notify her parent.
 

 In considering this particular ground, “the trial court should weigh the advantages and disadvantages of parental notification in the minor’s specific situation.”
 
 In re Doe,
 
 973 So.2d 548, 553 (Fla. 2d DCA 2008). We agree that trial courts should consider, among other factors made relevant by evidence, at least the “the minor’s emotional or physical needs ... the stability of the minor’s home and the possibility that notification would cause serious and lasting harm to the family structure; the relationship between the parents and the minor and the effect of notification on that relationship.” 973 So.2d at 553.
 

 Here, petitioner’s testimony was clear that the act of notifying her parent would have a considerable impact on petitioner. Petitioner’s fear that such notification would adversely affect the health of her parent and thereby cause her to suffer her own emotional harm is not refuted by anything in the record and is not facially unreasonable. We conclude that the trial court’s finding on this also ground is not supported by the record.
 
 See In re Doe,
 
 932 So.2d at 286;
 
 see also In re Doe,
 
 921 So.2d 753, 755 (Fla. 1st DCA 2006) (presumption of correctness and deference to factual findings in parental notification cases “are less compelling when the evidence is undisputed and is presented to a judge sitting without a jury, and an appellate court is not required to disregard record evidence that disproves the lower court’s findings or reveals its ruling to be an abuse of discretion”).
 

 Because of the time constraints applicable in this case, the Clerk of this court shall give petitioner’s counsel, the trial judge, and the clerk of the lower tribunal telephone and electronic notice of this opinion.
 

 Reversed; petition to waive parental notification granted.
 

 HAZOURI and LEVINE, JJ., concur.