BLACK, J.,
dissenting.
I respectfully dissent. Having observed and questioned the petitioner, the trial judge determined that she lacked the maturity to decide to terminate her pregnancy without notifying her parent, and he issued a well-reasoned, detailed order supporting his conclusion. Because competent, substantial evidence supports the trial court’s findings of fact and conclusions of law, I would affirm. See In re Doe, 67 So.3d 268, 268 (Fla. 2d DCA 2011). Sufficient maturity must be shown by clear and convincing evidence, and this court reviews the trial court’s order for an abuse of discretion. Clear and convincing evidence is evidence of “‘such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.’ ” In re Doe, 973 So.2d 548, 556 (Fla. 2d DCA 2008) (Casanueva, J., concurring in denial of rehearing en banc) (quoting In re Davey, 645 So.2d 398, 404 (Fla.1994)). Both the clear and convincing and abuse of discretion standards are statutory. § 390.01114(4)(b)(2), (4)(c). These heightened standards of review denote the legislature’s strong position that judicial waiver is clearly to be an exception to the notice requirement.
The trial court issued a detailed order in this case. While it is true that the trial court did not undertake a point-by-point review of the statutory factors, as does the majority, it is clear that the court was familiar with the statute and the factors and considerations announced in case law when determining whether the petitioner met her burden by clear and convincing evidence. See In re Doe, 67 So.3d at 268. The court specifically considered the petitioner’s demeanor, a factor previously focused on by this court as the single most important consideration in a minor’s ability to decide whether to terminate her pregnancy. Compare In re Doe, 67 So.3d at 268 (“Significantly, the trial court made specific findings and expressed particular concern regarding the minor’s demeanor, and the court considered that factor important in this case.”) with In re Doe, 36 So.3d 164, 165 (Fla. 2d DCA 2010) (reversing the trial court’s dismissal and specifically noting “the circuit court’s order made no mention of the minor’s demeanor”), and In re Doe, 932 So.2d 278, 285 (Fla. 2d DCA 2005) (reversing the trial court’s dismissal and noting that petitioner’s demeanor might have been the “one possible exception” to the maturity evidence). Judge Altenbernd has previously observed, “[mjaturity is often evidenced by demean- or, composure, tone of voice, and body language.” In re Doe, 973 So.2d at 574 (Altenbernd, J., dissenting on denial of rehearing en banc). In addition, “[i]f the issue is ‘maturity to decide,’ then it would seem to rest heavily upon factors of demeanor and matters that cannot be gleaned from an appellate record in the absence of.findings by the trial judge.” Id. at 575.
In its order, the trial court referred to petitioner’s demeanor and responses as “cavalier.” Although the court indicated petitioner was neat, well dressed, and courteous, it also noted that she appeared “somewhat insecure.” The court also found that petitioner’s demeanor and responses evidenced a lack of thoughtfulness and a failure to “fully appreciate the depth of the magnitude” of her choice.
In addition to having the invaluable benefit of personally observing and speaking *894 with the petitioner, the court considered the petitioner’s testimony in light of the case law discussing and attempting to define “sufficiently mature” for purposes of section 390.01114(4)(c). Of those identified by the court, the most striking to me is the immaturity exhibited by petitioner on the day of conception. Petitioner readily admitted to succumbing to peer pressure to drink alcohol. She became intoxicated and had sexual intercourse — an act she testified she would not have engaged in had she been sober. In fact, petitioner only “vaguely recalls” the sex that resulted in her pregnancy; she did not indicate that she and the father were in a relationship and she does not anticipate having any future relationship with the father. Cf. In re Doe, 932 So.2d at 284. In these cases, a “ ‘minor’s conduct is a measure of good judgment’ ” and “ ‘judgment is of very great importance in determining maturity.’ ” In re Doe, 973 So.2d at 551 (quoting H— B— v. Wilkinson, 639 F.Supp. 952, 954 (D.Utah 1986)). Here, petitioner’s actions illustrate poor judgment and are the antithesis of the necessary maturity to decide to terminate her pregnancy.
In addition, petitioner’s understanding of her options and the termination methods available to her — including the potential medical complications that may result from a pregnancy termination — were superficial and evidenced a lack of understanding. “Significantly, the minor failed to demonstrate any knowledge regarding any specific immediate or long-term physical, emotional, or psychological risks of having an abortion.” In re Doe, 973 So.2d at 552. In fact, the majority of petitioner’s answers were inarticulate in terms of reasoning. See id.; cf. In re Doe, 36 So.3d at 165. Her knowledge of potential risks and consequences was both limited and inaccurate. For instance, she described termination by pill as resulting in a “normal period” and cited the potential for “getting sick” and urinary tract infections as the risks associated with surgical termination of pregnancy. “If maturity and good judgment are measured by one’s attempt to become fully informed of all of the options available and the possible consequences of those options, the instant record does not demonstrate that this petitioner exhibited such maturity.” In re Doe, 932 So.2d at 289 (Davis, J., dissenting). In fact, petitioner’s testimony evidences a lack of awareness, appreciation, and consideration of the risks associated with abortion. See In re Doe, 973 So.2d at 552; In re Doe, 932 So.2d at 281.
And although she had one telephone conversation with a Planned Parenthood nurse, she has not sought the emotional support or counsel of any adult. Cf. In re Doe, 36 So.3d at 165. When asked what options she had considered, she stated abortion and raising the child. She continued: “And it would just be very, very, very hard for me with going to school, and not having a job, and still living with my mom, and having other responsibilities, like taking care of my [younger sibling], and so I just figured abortion would probably be the — the best way to go.” This evidence fails to advise the trial court of the “depth or duration of [petitioner’s] deliberative process.” In re Doe, 973 So.2d at 557 (Casanueva, J., concurring in denial of rehearing en banc). And while the majority takes issue with the court’s lack of followup questions in this regard, it is not the responsibility of the court to solicit testimony from the petitioner; the petitioner bears the burden of proof. See In re Doe, 973 So.2d at 550.
I note, too, that petitioner’s testimony as to whether she has discussed her pregnancy with someone other than the father is conflicting. When directly asked whether she had discussed the pregnancy with anyone other than the father she answered *895 “no.” However, when asked how she would pay for the termination, she stated a friend of hers “was going to help her out.”
Other facts considered by the court included that the petitioner has never worked outside of her home, has never earned any money other than a small weekly allowance, and has had very little exposure to handling personal finances. These facts are evidence of lack of the required maturity. Cf. In re Doe, 973 So.2d at 550; In re Doe, 967 So.2d 1017, 1020 (Fla. 4th DCA 2007). In addition, while it is true that petitioner expressed educational and career aspirations and makes good grades in school, the court took notice at the hearing that petitioner’s high school is a nontraditional, on-line school, and that petitioner does not take advanced placement classes.
Peculiarly, the majority asserts that the facts of our case are “remarkably similar” to In re Doe, 36 So.3d 164. I disagree and note that in direct contrast to the 2010 Doe decision, the trial court here addressed petitioner’s demeanor and petitioner here has not consulted any adult about her situation. In reviewing our past decisions, these factors have been deemed arguably the most significant in reaching the maturity determination. In addition, at the time of the hearing our petitioner had not visited a medical clinic and she evidenced a lack of understanding about the termination procedures. Therefore, the majority’s reliance on the 2010 Doe decision as authoritative in this case is unpersuasive.
It appears to me that the majority is substituting its conclusions regarding the minor’s maturity for the trial court’s, without the benefit of observing the tenor of the proceedings or petitioner’s body language, tone of voice, and demeanor. These are assessments necessary to the determination of maturity which are impossible to glean from a cold record. By statute, this court may only overturn the trial court’s ruling when the trial court has abused its discretion. Here, by necessity, the majority must resort to a dictionary definition of cavalier, whereas the trial judge’s findings of fact, in his well-reasoned order, reflect that he knew it because he saw it. Finally, I believe the majority departs from this court’s opinion in In re Doe, 67 So.3d 268, by effectively reviewing the testimony de novo rather than determining whether the testimony supports the trial court’s findings.
In my opinion, there is competent, substantial evidence to support the trial court’s ruling, and in dismissing the petition the court acted well within its discretion.