917 So.2d 312 (2005)
Robert WILSON, Appellant,
v.
Bambi ROBINSON, Appellee.
No. 5D04-1709.
District Court of Appeal of Florida, Fifth District.
December 23, 2005.
*313 Andrea Bateman, of Andrea Bateman, P.A., Winter Park, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
Robert Wilson appeals the trial court's decision denying his petition to be appointed plenary guardian of his wife, Beverly Wilson, and, instead, appointing their daughter, Bambi Robinson, to serve as Mrs. Wilson's guardian. We find no abuse of the trial court's discretion and affirm.
The parties agree that Mrs. Wilson is incapacitated due to Alzheimer's disease. Section 744.312(2) and (3), Florida Statutes (2004), sets forth preferences and factors that the court should consider in determining an appropriate guardian and provide, in pertinent part:
(2) The court shall give preference to the appointment of a person who:
(a) Is related by blood or marriage to the ward;
(b) Has educational, professional, or business experience relevant to the nature of the services sought to be provided;
(c) Has the capacity to manage the financial resources involved; or
(d) Has the ability to meet the requirements of the law and the unique needs of the individual case.
(3) The court shall also:
(a) Consider the wishes expressed by an incapacitated person as to who shall be appointed guardian.
...
"[I]n guardianship cases, as in other cases, discretionary acts are subject to the test of reasonableness, i.e., they must be supported by logic and justification for the result and founded on substantial, competent evidence." In re Guardianship of Sapp, 868 So.2d 687, 693 (Fla. 2d DCA 2004) (citing In re Guardianship of Sitter, 779 So.2d 346, 348 (Fla. 2d DCA 2000)); see generally Canova v. Smith ex rel. S.G.S., 854 So.2d 852 (Fla. 5th DCA 2003) (upholding a guardianship decision because it was supported by substantial competent evidence). Discretion is abused when no reasonable person would take the view adopted by the trial court. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
The trial court's discretion in the selection of a guardian has been described as "limited discretion" in the sense that it must be exercised consistent with the Florida Statutes. See Poteat v. Guardianship of Poteat, 771 So.2d 569, 572 (Fla. 4th DCA 2000) (citing In re Castro, 344 So.2d 270, 271 (Fla. 4th DCA 1977)).
Having carefully reviewed the record, we conclude that the trial judge did not abuse his discretion in appointing Ms. Robinson to be guardian of her mother. There was adequate evidence to support the trial court's decision. For these reasons, we affirm.
AFFIRMED.
PLEUS, C.J. and GRIFFIN, J., concur.