BY ORDER OF THE COURT.
By the opinion attached, the Second District Court of Appeal has reversed the order entered by the Honorable Harvey A. Kornstein, Circuit Judge of the Tenth Judicial Circuit, in and for Polk County, Florida, in Case Number 2012-DP-000536-0000-00, dismissing a petition for a judicial waiver of parental notice under section 390.01114(4)(c), (d), Florida Statutes (2012). The minor may consent to the performance or inducement of a termination of pregnancy without notice to a parent or guardian.
WALLACE, Judge.
Jane Doe,[1] a minor, challenges the final order dismissing her petition for judicial waiver of parental notification under section 390.01114(4)(c) and (d), Florida Statutes (2012). We find no error in the circuit court’s determination that Doe failed to establish by clear and convincing evidence that it would not be in her best interest to notify a parent under section 390.01114(4)(d). However, we reverse the order of dismissal because the circuit court abused its discretion in concluding that Doe is not sufficiently mature to terminate her pregnancy under section 390.01114(4)(c).
I. THE FACTUAL AND PROCEDURAL BACKGROUND
At the hearing on the petition, Doe testified that she is seventeen years old. She will become eighteen years of age early in 2013. Doe is currently a senior in high school; she expects to graduate at the end of the school year. Doe receives A’s and B’s in her course work at school. She is not currently involved in any extracurricular activities.
Doe has planned an educational and career path. After graduating from high school, she plans to attend a community college first and then transfer to a four-year institution to complete her degree. After college, she hopes to obtain an advanced degree and to enter one of the professions.
Doe has already begun to implement her educational plan by arranging to take the Scholastic Aptitude Test (SAT) next year. She has also applied or is preparing to apply to two colleges within the State of Florida.
Doe lives in the Tenth Judicial Circuit with her mother and a younger sibling. She assumes a substantial amount of responsibility at home. Doe characterizes her relationship with her mother as “distant.” Doe’s mother and father separated many years ago, and Doe does not have a significant relationship with her father.
*884 Doe has never been employed, but she has recently submitted numerous applications for employment to various local businesses. During the summer, Doe performs volunteer work, which is related to her career interests, at a nonprofit institution. Doe has no savings. She receives a small weekly allowance from her mother that she uses for the purchase of clothing, personal items, and entertainment.
Doe became pregnant in an isolated incident following overindulgence in alcohol at the home of some acquaintances. Doe expressed regret about this incident in her testimony. At the time of the hearing, Doe had known for about two weeks that she was pregnant. Doe did not seem to have adult acquaintances in whom she could confide. However, she had spoken with a slightly older friend, who offered to help her. Doe had also spoken with the seventeen-year-old father with whom she has no continuing relationship. He was unable to help her financially, and he suggested that she seek an abortion. Doe stated that she does not feel pressure from anyone to seek an abortion and that the decision is her own.
At the time of the hearing, Doe had not yet consulted a physician about her pregnancy. She was scheduled to see a doctor the following week. Doe had considered both raising the child and seeking an abortion. She concluded that her educational and career goals and responsibilities at home were incompatible with having a child.
Doe discussed the possibility of having an abortion with a nurse at a local clinic. She was aware of the procedures available to her and expressed some understanding of the benefits and risks associated with each, as well as their cost. Doe did not anticipate experiencing an adverse emotional reaction from the procedure, but said that she would seek counseling if she did. In response to questions from the circuit court, Doe said that if she had a severe reaction to the procedure, she would go to the emergency room. For a less serious problem, she would return to the clinic. Doe testified that neither she nor her family have any religious beliefs or attitudes that would impact her decision to have an abortion. Nevertheless, she anticipated an extremely negative reaction from her mother if her mother was informed about Doe’s pregnancy.
At the conclusion of the hearing, Doe affirmed that she has decided that she wants to terminate her pregnancy. If she is unable to have an abortion, then she plans to place the child for adoption.
The circuit court conducted the hearing on Doe’s petition within the required time frame. After the conclusion of the hearing, the circuit court promptly entered an order dismissing Doe’s petition, finding that she failed to prove by clear and convincing evidence either of the grounds alleged. This appeal followed.
II. THE APPLICABLE LAW
Under section 390.01114(3)(a), a physician is required to notify a minor’s parent or legal guardian at least forty-eight hours in advance of performing an abortion on that minor. The statute excuses the notice requirement under five circumstances, but the pertinent provision applicable to this case provides for judicial waiver of the notice requirement in the event the minor successfully petitions a circuit court to waive that requirement. See § 390.01114(3)(b)(5). This type of waiver, commonly referred to as a judicial bypass, must be granted if the circuit court finds: (1) “by clear and convincing evidence, that the minor is sufficiently mature to decide whether to terminate her pregnancy”; (2) “by a preponderance of the evidence, that the [minor] is the victim of child abuse or sexual abuse inflicted by one or both of her *885 parents or her guardian”; or (3) “by clear and convincing evidence!,] that the notification of a parent or guardian is not in the best interest of the [minor].” §§ 390.01114(4)(c), (d). Here, Doe based her petition on the grounds that she is sufficiently mature to decide whether to terminate her pregnancy and that notification of her parent is not in her best interest.
Historically, courts have struggled with defining the concept of maturity in the context of whether a minor is sufficiently mature to have an abortion without notifying her parents, noting that such a decision is “‘difficult, yet delicate and important.’ ” In re Doe, 973 So.2d 548, 551 (Fla. 2d DCA 2008) (quoting In re Doe 2, 166 P.3d 293, 295 (Colo.App.2007); Ex parte Anonymous, 806 So.2d 1269, 1274 (Ala. 2001)). In Doe, 973 So.2d 548, this court discussed the difficulty inherent in this maturity determination, finding that the determination must be made on a case-by-case basis and examining the various ways other courts have defined maturity in this context. See id. at 551-52 (providing a myriad of factors other courts have considered in assessing the maturity of a minor). For example, one court noted:
Manifestly, as related to a minor’s abortion decision, maturity is not solely a matter of social skills, level of intelligence or verbal skills. More importantly, it calls for experience, perspective and judgment. As to experience, the minor’s prior work experience, experience in living away from home, and handling personal finances are some of the pertinent inquiries. Perspective calls for appreciation and understanding of the relative gravity and possible detrimental impact of each available option, as well as realistic perception and assessment of possible short term and long term consequences of each of those options, particularly the abortion option. Judgment is of very great importance in determining maturity. The exercise of good judgment requires being fully informed so as to be able to weigh alternatives independently and realistically. Among other things, the minor’s conduct is a measure of good judgment. Factors such as stress and ignorance of alternatives have been recognized as impediments to the exercise of proper judgment by minors, who because of those factors “may not be able intelligently to decide whether to have an abortion.” Am. Coll. of Obstetricians & Gynecologists v. Thornburgh, 737 F.2d 283, 296 (3d Cir.1984).
Doe, 973 So.2d at 551 (quoting H— B— v. Wilkinson, 639 F.Supp. 952, 954 (D.Utah 1986)).
In grappling with the definition of maturity, the First District said:
Factors which evidence sufficient maturity include, but are not limited to, the minor’s physical age, her understanding of the medical risks associated with the procedure as well as emotional consequences, her consideration of options other than abortion, her future educational and life plans, her involvement in civic activities, any employment, her demeanor and her seeking advice or emotional support from an adult.
In re Doe, 924 So.2d 935, 939 (Fla. 1st DCA 2006). Similarly, in 2010, this court, in evaluating maturity, examined the minor’s age, her academic performance, her educational and career goals, her consultation of the father and an adult about her decision, her consultation of a medical professional, her understanding of the medical procedure and its side effects and risks, her contingency plan in the event of complications, her plan to pay for the abortion, and her consideration of alternatives to abortion. In re Doe, 36 So.3d 164, 165 (Fla. 2d DCA 2010).
*886 The numerous criteria considered by various courts in assessing whether a minor is sufficiently mature to determine whether to terminate her pregnancy, while perhaps a starting point, did not provide for consistent application of the bypass provision of section 390.01114. See, e.g., Doe, 973 So.2d at 552. It is against this backdrop that the Florida legislature amended section 390.01114 in 2011 to provide a list of factors a trial court must consider when determining whether a minor is sufficiently mature. These factors include the minor’s:
a. Age.
b. Overall intelligence.
c. Emotional development and stability-
d. Credibility and demeanor as a witness.
e. Ability to accept responsibility.
f. Ability to assess both the immediate and long-range consequences of the minor’s choices.
g. Ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision.
§ 390.01114(4)(c)(l). In addition, the trial court must consider “[wjhether there may be any undue influence by another on the minor’s decision to have an abortion.” § 390.01114(4)(c)(2).
While this statutory list does not appear to limit the factors a trial court may consider, it does limit the trial court’s discretion by prescribing several factors it is required to address. Moreover, not only must the trial court consider these factors in its determination of maturity, its final order must include “factual findings and legal conclusions relating to the maturity of the minor” in view of these specific factors. § 390.01114(4)(e)(2). In light of these factors, we review the circuit court’s findings in this case for an abuse of discretion.
III. EXAMINATION OF THE STATUTORY FACTORS
The circuit court’s order contains findings of fact and conclusions of law. The findings of fact generally summarize Doe’s testimony at the hearing. Although the circuit court’s order contains a recital that it has considered each of the factors outlined in section 390.01114(4)(c), the order actually only addresses some of the statutory factors while ignoring others. In the following discussion, we will use the statutory factors as a framework to address the circuit court’s findings and conclusions in the light of the record.
Section 390.01114-(4-)(c)(1)(a): The minor’s age. Doe is seventeen years of age, and she will reach the age of eighteen in a few months. This factor tends to support a determination of maturity. See Doe, 36 So.3d at 165 (finding that a minor whose age is over seventeen is one factor supporting a petition to waive parental notice); In re Doe, 932 So.2d 278, 284 (Fla. 2d DCA 2005) (observing that “age bears positively on the [maturity] inquiry” when the minor is within months of reaching adulthood); Doe, 921 So.2d at 756 (noting that the minor’s “age, which places her less than one year from being outside the scope of the parental notification law is, if anything, a factor that weighs positively in support of her position”). Although the circuit court’s order accurately states Doe’s age, the order does not reflect that the circuit court gave any consideration to Doe’s relative proximity to the age of majority in assessing her maturity.
Section 390.011UU)(c)(l)(b): The minor’s overall intelligence. Doe’s school grades, her educational and career plans, and the general tenor of her testimony tend to establish that her overall intelligence is above average. See Doe, 36 So.3d at 165 (considering a minor’s good grades and educational and career goals as a fac *887 tor that weighed in favor of a finding of maturity). The circuit court’s order summarizes Doe’s testimony concerning her school work and her educational and career objectives. Nevertheless, there is nothing in the circuit court’s order to indicate that it considered these factors in reaching its determination that she lacked sufficient maturity under the statute.
Section S90.011UW(c)(l)(c): The minor’s emotional development and stability. A fair reading of the record supports the conclusion that Doe’s emotional development and stability are appropriate to her age and circumstances. Nothing in the record suggests that she has any emotional problems or instability. The circuit court’s order fails to address this factor.
Section 390.0111JfU)(c)(l)(d): The minor’s credibility and demeanor as a witness. The circuit court expressly addressed the factor of Doe’s credibility and demeanor in two separate sections of its order, but its findings are contradictory and inconsistent. Initially, the circuit court described Doe positively as “neat, well dressed and courteous,” and “soft spoken.” The circuit court also noted that Doe appeared to be “somewhat insecure,” but this is not surprising under the circumstances. However, later in its order, the circuit court criticized Doe as being “rather cavalier in her demeanor and responses concerning her overall depth of thoughtfulness to this extremely important decision.”
The circuit court’s finding about Doe’s “cavalier” demeanor is inconsistent with the circuit court’s earlier characterization of Doe as “courteous,” “soft spoken,” and “somewhat insecure.” The adjective “cavalier” is defined as: “1. Showing arrogant or offhand disregard; dismissive: a cavalier attitude toward the suffering of others; 2. Carefree and nonchalant; jaunty.” The American Heritage Dictionary of the English Language 296 (4th ed.2000) (emphasis in original). Clearly, Doe could not be “courteous,” “soft spoken,” and “somewhat insecure” while displaying an arrogant or offhand disregard toward others. And Doe was certainly not carefree, nonchalant, or jaunty about her predicament or the difficult choices facing her.
Moreover, the circuit court’s assessment of Doe’s demeanor as “cavalier” is simply without support in the record. Doe’s testimony demonstrated that she had carefully considered the impact of an unplanned pregnancy in light of her educational and career goals and her other responsibilities. After such consideration, she had reached the decision that terminating the pregnancy is the best choice for her. Doe, 921 So.2d at 756 (rejecting the trial court’s assessment of the minor’s demeanor because it failed to describe “any articulable facts supporting the conclusion that [the minor’s] demeanor was indicative of immaturity”). To the extent that the assessment of Doe’s demeanor as “cavalier” reflects the circuit court’s disagreement with Doe’s decision, the circuit court based its finding on inappropriate considerations. See Doe, 982 So.2d at 285; Doe, 924 So.2d at 940.
Section 390.011U(i)(c)(l)(e): The minor’s ability to accept responsibility. The circuit court accurately summarized the substantial responsibilities assumed by Doe at home but did not otherwise consider this factor. The circuit court failed to note or otherwise consider Doe’s testimony about the steps she normally took to avoid the consumption of alcohol and participation in sexual relationships.
Section 390.0111h.(k)(c)(l)(f): The minor’s ability to assess both the immediate and long-range consequences of the minor’s choices. The circuit court’s only finding on this factor focused on the incident that led to Doe’s pregnancy. The circuit court said: “The court finds that *888 such conduct was indicative of poor judgment in crucial decision making settings. The court further finds that the choices she made on the day of conception were impulsive and immature.”
We conclude that the circuit court misapprehended and misapplied this factor. Doe was not required to prove that she possesses the same maturity as an adult, “[rjather, she was called upon to demonstrate that she is ‘sufficiently mature’ to make the decision whether to terminate her pregnancy.” Doe, 932 So.2d at 284 (emphasis added). To be sure, a minor’s behavior that results in an unplanned pregnancy may be indicative of poor decision-making. Nevertheless, such behavior is not determinative on the issue of the minor’s maturity. If careless behavior resulting in an unplanned pregnancy is conclusive proof of immaturity, then very few minors could ever qualify as sufficiently mature to warrant a waiver of the parental notification requirement.
Here, Doe expressed regret for the isolated incident that resulted in her pregnancy and displayed substantial maturity in addressing its consequences. The circuit court’s narrow focus on the incident to the exclusion of the larger picture was improper. See Doe, 921 So.2d at 756 (stating that a minor’s acknowledgment of the immature decision that led to her pregnancy supported her belief that she had sufficient maturity to decide whether to terminate her pregnancy). In assessing Doe’s judgment and decision-making, the circuit court simply failed to consider the substantial evidence of the maturity she displayed in understanding and addressing the consequences of her actions.
Section 390.0111k(U)(o)(l)(g): The minor’s ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision. On this factor, the circuit court found that Doe “was only superficially able to advise the court of any medical complications that may result from the termination procedure.” Once again, the evidence does not support this finding. When asked about the risks of the procedures available to her, Doe responded appropriately based on the information provided by the nurse with whom she had spoken at the clinic, and Doe was able to provide the court with sufficient details regarding the available procedures and their associated risks. This was hardly a “superficial” response, and an average adult could do no more. The circuit court’s characterization of Doe’s response as “superficial” is particularly unfair in this case. Additionally, at the hearing, the circuit court questioned Doe closely about various other matters. However, the circuit court did not ask Doe for any details about her understanding of the risks of the available procedures and gave no hint that it considered Doe’s response inadequate. Thus neither Doe nor her counsel had an opportunity to address the issue further.
Section 390.01111p(U)(c)(2): Whether there may be any undue influence by another on the minor’s decision to have an abortion. The circuit court accurately summarized Doe’s testimony that the seventeen-year-old father had suggested that she get an abortion. There was no evidence that anyone else had urged Doe to have an abortion. Although the circuit court made no express finding on this factor, there was no suggestion of undue influence in this case. Doe’s reasons for seeking an abortion were personal and unrelated to the suggestion of the father, with whom she has no continuing relationship.
IV. DISCUSSION
Our review of the statutory factors in the context of this case establishes that the circuit court addressed some of the factors while ignoring ■ others. The factors that the circuit court did not ad *889 dress directly point to the conclusion that Doe is sufficiently mature to make the decision to seek an abortion without parental notification. To the extent that the circuit court did expressly address some of the statutory factors, its findings were either unsupported by the record or based on inappropriate considerations. Here, the circuit court’s discretion is limited in the sense that it must be exercised in a manner consistent with the applicable statute. See Wilson v. Robinson, 917 So.2d 312, 313 (Fla. 5th DCA 2005). For these reasons, we conclude that the circuit court abused its discretion in ruling that Doe lacked sufficient maturity for a waiver of the parental notification requirement.
We find additional support for our decision in this court’s 2010 decision in Doe, 36 So.3d 164 (2010 Doe decision). In the 2010 Doe decision, this court reversed a circuit court order denying a minor’s petition for a waiver of the parental notification requirement. The facts in the 2010 Doe decision are remarkably similar to the facts in this case. Although the circuit court’s order indicates its study of this court’s decisions in Doe, 932 So.2d 278, and Doe, 973 So.2d 548, it does not mention our 2010 Doe decision. Like cases should be decided alike. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness.”). The circuit court’s failure to follow this court’s controlling precedent also constitutes an abuse of discretion.
V. CONCLUSION
For these reasons, we reverse the circuit court’s order, and Doe’s petition for judicial waiver of the parental notification required by section 390.01114 is deemed granted. See Fla. R.App. P. 9.110(n). The clerk shall place a certificate to this effect in the file and provide Doe with a certified copy for delivery to her physician. This court’s mandate shall issue simultaneously with this opinion, and no rehearing motion shall be entertained.
Reversed.
NORTHCUTT, J., Concurs with opinion.
BLACK, J., Dissents with opinion.

. In the circuit court, the minor chose to be identified by her initials rather than a pseudonym. We have elected to use this pseudonym in place of the minor’s initials to further protect her privacy.