PER CURIAM.
*429 Jane Doe[1] sought a waiver of parental notice of termination of pregnancy pursuant to the Parental Notice of Abortion Act (the Act), section 390.01114, Florida Statutes (2018), which requires physicians performing abortions to notify a minor’s parent or legal guardian before the procedure unless the notice requirement is waived by the circuit court. Id. Because the court did not abuse its discretion as to either the maturity prong or the best interest prong, we affirm.
In her supplemental petition, Doe asserted that she is of sufficient maturity to decide whether to terminate her pregnancy and that it is in her best interests to do so. See § 390.01114(4)(c)-(d). Regarding a petitioner’s maturity, a court must review various statutorily enumerated factors. § 390.01114(4)(c)(1)-(2). The burden of proof on both prongs is clear and convincing evidence, and it is the petitioner’s obligation to provide such proof in this nonadversarial proceeding. See § 390.01114(4)(c)-(d); In re Doe, 67 So.3d 268, 268 (Fla. 2d DCA 2011). Because the proceeding is nonadversarial and based on the statute’s terms the grant of a waiver of notice under the Act is not appealable; review of the denial of a waiver is of right. See § 390.01114(4)(b)(2), (g).
Our standard of review in this proceeding is for an abuse of discretion. See § 390.01114(4)(b)(2); In re Doe, 113 So.3d 882, 886 (Fla. 2d DCA 2012) (“[W]e review the circuit court’s findings in this case for an abuse of discretion.”).
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (citation omitted). In this case, we cannot say that the court’s action was arbitrary or fanciful or that no reasonable person would take the action the court did. This is especially true where the detailed order reflects careful consideration of all of the statutorily enumerated factors regarding Doe’s maturity.
Further, the minor did not present clear and convincing evidence as to why notifying her parents would not be in her best interest.
In determining whether notification would not be in the minor’s best interests, the trial court should weigh the advantages and disadvantages of parental notification in the minor’s specific situation. Some factors to be considered are: the minor’s emotional or physical needs; the possibility of intimidation, other emotional injury, or physical danger to the minor; the stability of the minor’s home and the possibility that notification would cause serious and lasting harm to the family structure; the relationship between the parents and the minor and the effect of notification on that relationship; and the possibility that notification may lead the parents to withdraw emotional ... support from the minor. Here, the minor did not present evidence pertinent to any of these factors. When asked why she did not want to tell her parents about the abortion, her only stated concern was that she thought they would not under *430 stand. She was also concerned that they would be upset if they knew she was pregnant. This amounts to nothing more than a generalized fear of telling her parents and does not, by itself, establish that notification would not be in her best interests.
In re Doe, 973 So.2d 548, 553 (Fla. 2d DCA 2008) (citations omitted) (rehearing en banc denied) (“Doe 2008 ”). As to this issue, the facts of this case mirror those of Doe 2008. Despite the clarifying questions posed by the court, Doe failed to put forth clear and convincing evidence as to the best interest prong. See Doe 2008, 973 So.2d at 559 (Casanueva, J., concurring in denial of rehearing en banc) (“ ‘The requisite of a neutral factfinder does not foreclose a judge from asking questions designed to make prior ambiguous testimony clear.’ ” (quoting McFadden v. State, 732 So.2d 1180, 1185 (Fla. 4th DCA 1999))). The court did not abuse its discretion as to either of the prongs in this case; accordingly, we affirm.
Affirmed.
CASANUEVA, SILBERMAN, and CRENSHAW, JJ., Concur.

. In the circuit court, the minor chose to be identified by her initials rather than a pseudonym. We have elected to use this pseudonym in place of the minor’s initials to further protect her privacy.