LaROSE, Judge.
Jane Doe,[1] a minor, petitioned the circuit court for a waiver of parental notice of termination of pregnancy. See § 390.01114, Fla. Stat. (2013) (providing that physicians performing abortions must notify a parent or legal guardian before the procedure unless the notice requirement is waived by the circuit court). The circuit court dismissed the petition, finding that she had not shown sufficient maturity to decide whether to terminate her pregnancy or that the termination was in her best interest. See § 390.01114(4)(c)-(d). We must reverse.
*926 A minor seeking judicial waiver must prove, by clear and convincing evidence, that she is mature enough to decide whether to terminate her pregnancy and that termination is in her best interest. See id.; In re Doe, 67 So.3d 268, 268 (Fla. 2d DCA 2011); In re Doe 13-A, 136 So.3d 723 (Fla. 1st DCA 2014) (Makar, J., dissenting). The minor need not possess the same maturity as an adult, but she must demonstrate that she is sufficiently mature to make this important decision. See In re Doe, 113 So.3d 882, 882 (Fla. 2d DCA 2012); see also § 390.01114(4)(c) (listing statutory factors the circuit court must consider).
Jane Doe is almost eighteen years old and a high school honors student. She plans to attend college in the fall. She testified that her current condition would impact adversely her future plans. She also testified that her parents were strict, controlling, and demanding. At times they acted out of spite toward her. She feared that they would disown her if notified of her pregnancy.
The circuit court noted that Jane Doe appeared anxious at the hearing. Yet, it did not declare her testimony unbelievable. The circuit court expressed concern that Jane Doe had not seriously considered the medical risks of the procedure, sought independent counseling, or seriously considered alternatives. It disregarded Jane Doe’s testimony that she had undertaken independent medical research concerning the procedure and its risks. The circuit court apparently discounted her testimony that she had considered alternatives to termination.
Seemingly, Jane Doe met her burden; the circuit court found otherwise.[2] We cannot and do not reweigh evidence. § 390.01114(4)(b)(2); see also, e.g., In re E.D., 884 So.2d 291 (Fla. 2d DCA 2004); Lahodik v. Lahodik, 969 So.2d 533, 535 (Fla. 1st DCA 2007). Rather, we must assess whether the circuit court abused its discretion in dismissing the petition. § 390.01114(4)(b)(2); In re Doe, 113 So.3d at 886.
So, too, the circuit court was bound to apply the law as dictated by the legislature to the facts of Jane Doe’s case. See Wilson v. Robinson, 917 So.2d 312, 313 (Fla. 5th DCA 2005). Unfortunately, we are firmly convinced that the circuit court strayed from the statutory mandate. The order oh appeal extensively expresses the circuit court’s misgivings and concerns about the manner in which the statutory proceedings are conducted. It is evident that the circuit court relied on its perceived flaws in the statutory procedure, rather than on an individualized assessment of Jane Doe’s case, in dismissing the petition. This was an abuse of discretion that compels reversal.
Reversed and remanded with directions to grant the petition.
WALLACE; J., Concurs.
BLACK, J., Dissents.

. We use this pseudonym to protect appellant’s privacy.

. Contrary to the dissent's suggestion, section 390.01114(4)(b)(2), in our view, authorizes remand only where the circuit court failed to make adequate findings.